FILED

**NOT FOR PUBLICATION**

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALENTIN GANNITSKIY, | No. 13-73601 |
| Petitioner, | Agency No. A074-806-631 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Valentin Gannitskiy, a native and citizen of Ukraine, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Gannitskiy's submission of an altered birth certificate, the inconsistencies regarding his surname, and his failure to corroborate his claim. *See id.* at 1045; *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (adverse credibility finding supported where fraudulent documents and inconsistencies in testimony went to the heart of the claim). Gannitskiy's explanations do not compel the contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, his asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Gannitskiy's CAT claim also fails because it is based on the same statements the agency found not credible, and he does not point to any other evidence in the record to compel a finding that it is more likely than not he would be tortured if returned to Ukraine. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

13-73601